**Roger REILING, et al., Appellants,**

v.

**CITY OF EAGAN, Respondent.**

**No. CX–03–249.**

Court of Appeals of Minnesota.

July 1, 2003.

Michael F. Swensen, Minneapolis, MN, for appellants.

George C. Hoff, Hoff, Barry Kuderer, P.A., Eden Prairie, MN, for respondent.

Considered and decided by KALITOWSKI, Presiding Judge, RANDALL, Judge, and SCHUMACHER, Judge.

## OPINION

ROBERT H. SCHUMACHER, Judge.

Appellants Roger and Gladys Reiling, Ray and Marilyn Sandford, Patricia and Frank Pavlik, and Ray–Mar Rental challenge the district court's grant of summary judgment dismissing their claim, alleging that respondent City of Eagan improperly included their property in a redevelopment tax increment financing (TIF) district. By notice of review, respondent argues the district court lacked subject-matter jurisdiction to review respondent's quasi-judicial TIF determination. We affirm.

## FACTS

By resolution passed in February 2002, the Eagan city council created a redevelopment TIF district pursuant to Minn.Stat. § 469.174, subd. 10 (2000). Minnesota State Highway 55 bisects the district into a northern area that includes primarily residential property owned and inhabited by appellants and a southern area occupied primarily by commercial and industrial property.

A municipality may create a redevelopment TIF district only after finding by resolution that at least 70% of the parcels in the district are occupied by improvements covering at least 15% of the area of each parcel and that at least 50% of the buildings, excluding outbuildings, are "structurally substandard." Minn.Stat. § 469.174, subd. 10(a)(1)(e). A building is considered structurally substandard if the cost of modifying the building to satisfy the building code applicable to new buildings is greater than 15% of the cost of constructing a new structure of the same square footage and type on the site. *Id.*, subd. 10(c). In determining whether a building is structurally substandard, a municipality may consider

> reasonably available evidence, such as the size, type, and age of the building, the average cost of plumbing, electrical, or structural repairs, or other similar reliable evidence. * * * An interior inspection of the property is not required, if the municipality finds that (1) the municipality or authority is unable to gain access to the property after using its best efforts to obtain permission from the party that owns or controls the property; and (2) the evidence otherwise supports a reasonable conclusion that the building is structurally substandard.

*Id.*

A TIF redevelopment district can be comprised of "contiguous or noncontiguous" geographic areas. *Id.*, subd. 9. If a redevelopment TIF district consists of two or more noncontiguous areas, each area must independently meet the statutory definition of a redevelopment district. *Id.*, subd. 10(f). The terms "contiguous" and "noncontiguous" are not defined in any of the applicable statutes.

Respondent's resolution establishing the redevelopment TIF district included the findings and supporting documentation required by Minn.Stat. § 469.175, subd. 3 (2000). Among the materials before the city council was a property inspection report prepared by Bonestroo, Rosene, Anderlik & Associates, an engineering firm. The Bonestroo report noted that appellants' residential parcels, on the north side of highway 55, are all located on an unpaved street with no curbs, gutters, or storm drainage structures and that none of appellants' residences are served by municipal sewer or water services. The report concluded the proposed redevelop-

ment TIF district met the statutory criteria for a redevelopment district and that, without exception, the cost of modifying appellants' buildings to satisfy the building code applicable to new homes would be greater than 15% of the cost of constructing a similar building on each site.

After respondent passed the resolution, appellants brought an action in district court seeking a temporary injunction prohibiting respondent from including their parcels in the redevelopment TIF district. Appellants argued highway 55 divides the district into noncontiguous areas and that each area must independently meet the statutory definition of a redevelopment district as required by section 469.174, subd. 10(f). Appellants contended their area, considered independently, did not meet the definition and must be excluded from the district. Appellants also challenged the methodology used by Bonestroo in determining appellants' properties were structurally substandard. The court issued the injunction.

Respondent brought a motion for summary judgment, arguing the district court lacked subject-matter jurisdiction to review respondent's quasi-judicial TIF determination, and, if jurisdiction did lie, the court must uphold respondent's decision as reasonable and supported by the record.

The district court granted respondent's motion and dismissed appellants' complaint as a matter of law, finding highway 55 does not divide the TIF redevelopment district into noncontiguous areas and there was a reasonable factual basis in the record to support respondent's findings in support of including appellants' property in the district.

Appellants now challenge the grant of summary judgment and request a remand to the district court for further proceedings. By notice of review, respondent challenges the district court's jurisdiction to review respondent's TIF determination.

## ISSUES

1. Did the district court have subject-matter jurisdiction to review respondent's determination of a tax-increment financing district?

2. Was respondent's inclusion of appellants' property in the redevelopment tax-increment financing district reasonable and supported by substantial evidence?

## ANALYSIS

1. Respondent argues the district court lacked subject-matter jurisdiction to review respondent's inclusion of appellants' property within the redevelopment TIF district. We disagree.

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Minn. R. Civ. P. 12.08(c). We note that although the district court stated in its order that it would not address respondent's jurisdictional challenge, it nonetheless assumed jurisdiction by issuing an order resolving the dispute. Subject-matter jurisdiction is a question of law, which this court reviews de novo. *Handicraft Block Ltd. P'ship v. City of Minneapolis*, 611 N.W.2d 16, 19 (Minn.2000).

A municipality acts in a quasi-judicial capacity when it determines that property meets the definition of a redevelopment TIF district under Minn.Stat. §§ 469.174, subd. 10, 469.175, subd. 3 (2000). *Walser Auto Sales, Inc. v. City of Richfield*, 635 N.W.2d 391, 401 (Minn.App. 2001), *aff'd*, 644 N.W.2d 425 (Minn.2002). "[A]bsent statutory authority for a different process," a party may obtain review of a quasi-judicial decision only by writ of certiorari to the court of appeals. *Willis*

*v. County of Sherburne,* 555 N.W.2d 277, 282 (Minn.1996). The authority of the district court to review such decisions is jurisdictional. *Mowry v. Young,* 565 N.W.2d 717, 719 (Minn.App.1997), *review denied* (Minn. Sept. 18, 1997).

In its appellate brief, respondent asserted no statute authorizes a process for review of municipal TIF decisions other than by writ of certiorari to this court. But the TIF statute's enforcement provision provides:

> The owner of taxable property located in the city * * * in which the tax increment financing district is located may bring suit for equitable relief or for damages * * * arising out of a failure of a municipality or authority to comply with the provisions of sections 469.174 to 469.1798, or related provisions of this chapter.

Minn.Stat. § 469.1771, subd. 1(a) (2000). Respondent argued this provision does not confer jurisdiction upon the district court because the statutory authorization to "bring suit for equitable relief or for damages" does not specifically designate an action in district court.

We do not find respondent's interpretation of the statute compelling. When statutory language is not reasonably susceptible to more than one interpretation, we must give effect to its plain meaning as a manifestation of legislative intent. *Kersten v. Minn. Mut. Life. Ins. Co.,* 608 N.W.2d 869, 874–75 (Minn.2000); *Tuma v. Comm'r of Econ. Sec.,* 386 N.W.2d 702, 706 (Minn.1986). It is true that section 469.1771, subd. 1(a), does not contain the words "district court." *Cf.* Minn.Stat. § 462.361, subd. 1 (2000) (authorizing individuals aggrieved by municipal planning decisions to seek "an appropriate remedy in the district court"). We nonetheless believe the process and remedies contemplated by section 469.1771, subd. 1(a)—

"bring[ing] suit for equitable relief or for damages"—reasonably permit only one interpretation, i.e., the district court has jurisdiction over a challenge to a municipal TIF determination in the first instance.

 Minnesota district courts have "original jurisdiction" to hear requests for equitable relief. *Holmberg v. Holmberg,* 588 N.W.2d 720, 724 (Minn.1999); *see also DeLa Rosa v. DeLa Rosa,* 309 N.W.2d 755, 758 (Minn.1981) (stating district court's equitable jurisdiction gives court "inherent power to grant equitable relief"). Similarly, the district court has broad discretion to determine damages and "will not be reversed except for a clear abuse of discretion." *Admiral Merchs. Motor Freight, Inc. v. O'Connor & Hannan,* 494 N.W.2d 261, 267 (Minn.1992) (citation omitted). The statutory provision in section 469.1771, subd. 1(a) authorizing claimants to "bring suit" does not plainly, commonly, or reasonably designate an appeal to this court, either by notice of review or by writ of certiorari.

We therefore conclude the language of section 469.1771, subd. 1(a), unambiguously confers jurisdiction upon the district court to review municipal TIF determinations.

2. Appellants challenge the district court's grant of summary judgment to respondent, arguing that highway 55 divided the TIF district into noncontiguous parts and there was insufficient evidence in the record to support respondent's decision to include appellants' property in the redevelopment TIF district.

Summary judgment is appropriate when a district court determines that "there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. This court reviews a grant of summary judgment de novo to determine whether there are any genuine issues of

material fact and whether the district court erred in applying the law. *Zip Sort, Inc. v. Comm'r of Revenue*, 567 N.W.2d 34, 37 (Minn.1997). No genuine issue of material fact exists "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *DLH, Inc. v. Russ*, 566 N.W.2d 60, 69 (Minn.1997) (alteration in original) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

▮ Judicial review of respondent's quasi-judicial decision is limited to a determination of whether respondent "erred as a matter of law, issued a decision unsupported by substantial evidence, or acted arbitrarily or capriciously." *Walser*, 635 N.W.2d at 401 (quotation omitted). The reviewing court may consider only the evidence in the record before respondent when the decision was made. *See Dietz v. Dodge County*, 487 N.W.2d 237, 239 (Minn. 1992).

▮ Appellants argue the district court erred by concluding their parcels were contiguous with the rest of the redevelopment TIF district, as the term "contiguous" is used section 469.174, subd. 10(f), despite the fact that highway 55 crosses the district. We review the district court's interpretation of a statutory term de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey*, 584 N.W.2d 390, 393 (Minn.1998). Although the statute does not define the term "contiguous," the word commonly means "[t]ouching at a point or along a boundary" or "adjoining." *Black's Law Dictionary*, 315 (7th ed.1999). Similarly, "abut" means "[t]o join at a border or boundary." *Id.* at 10. An "abutter" is the "owner of adjoining land." *Id.* The Eagan city code defines "abutting" as "making contact with or separated only by a public thoroughfare * * *." Eagan, Minn., Code of Ordinances § 11.03 (2003). Given the synonymy of the terms "abutting" and "contiguous," we conclude contiguity is not affected by the presence of a public thoroughfare such as highway 55.

As respondent argues, virtually every parcel within the district at issue here is separated from other parcels by public thoroughfares, which do not by their mere presence divide the district into so many noncontiguous districts. *See Walser*, 635 N.W.2d at 401 (observing that roadway may act as "a clear dividing line between * * * two groups of properties" in redevelopment TIF district without creating noncontiguous districts). We conclude highway 55 does not disrupt the contiguity of the district.

▮ Appellants also contend the methodology used by Bonestroo was flawed and argue respondent's inclusion of their properties in the district was unreasonable by virtue of its reliance on the Bonestroo report. We disagree and conclude respondent's TIF determination was reasonably based upon the record before it when the decision was made.

Appellants argue Bonestroo did not make a sufficient effort to obtain their permission to conduct interior inspections of their residences. The record before respondent contained uncontroverted evidence that appellants were repeatedly contacted by Bonestroo and refused to allow interior inspections. Bonestroo found, and it is undisputed, that appellants' properties are not served by municipal water, sewer, and storm drainage systems. Appellants concede they have actively opposed respondent's past attempts to connect their homes to these services. Pursuant to section 469.174, subd. 10(c), Bonestroo included the cost of installing these services in its estimate of the costs of modifying appellants' residences to satisfy the current building code.

Appellants challenge Bonestroo's claim that their insulation and windows were substandard, arguing their windows and insulation were recently replaced as part of an airport noise abatement program. There was no evidence of insulation and window improvements in the record before respondent. Finally, appellants cite no authority in support of their argument that respondent must encourage property owners to improve their buildings themselves before it conducts or commissions an assessment to determine whether the buildings are substandard.

The record before respondent consisted of the Bonestroo report, the TIF plan, resolutions passed by both the Eagan Advisory Planning Commission and the Eagan Economic Development Authority approving the redevelopment TIF plan, a report from respondent's TIF financial consultant recommending approval of the plan, and testimony taken at the public hearing held on the redevelopment district. On this record, we conclude respondent's quasi-judicial determination that the redevelopment TIF district included appellants' properties and met the statutory definition of a redevelopment district was supported by the record and was not arbitrary or capricious.

## DECISION

Pursuant to Minn.Stat. § 469.1771, subd. 1(a) (2000), the district court has jurisdiction to review a municipality's inclusion of property within a tax-increment financing district. The district court correctly concluded that highway 55 does not disrupt the contiguity of the redevelopment TIF district at issue here and that respondent's inclusion of appellants' properties in the district was based upon evidence in the record and was reasonable. The court therefore did not err by granting respondent summary judgment and dismissing appellants' suit.

**Affirmed.**