683 S.E.2d 483

Eddie Wayne **ELDRIDGE, Charles Louis Beaudrot, Russie Beau-drot Young, Bernard H. Padgett, Homer Charles Walker, and Ray F. Stewart, individually, and on behalf of a class of plaintiffs similarly situated, and Herbert Malcolm Crum, individually, and on behalf of a class of plaintiffs similarly situated, Petitioners,**

v.

**SOUTH CAROLINA DEPARTMENT OF TRANSPORTATION, Respondent.**

No. 26726.

Supreme Court of South Carolina.

Heard May 28, 2009.

Decided Sept. 21, 2009.

J. Kendall Few, of Greer, Thomas E. Hite, Jr., of Hite & Pruitt, of Abbeville, for Petitioner.

G.P. Callison, Jr., of Callison, Dorn, Thomason, Knott & Moore, of Greenwood, for Respondent.

Justice WALLER.

We granted a writ of certiorari to review the Court of Appeals' opinion in *Eldridge v. Dep't of Transp.*, Op. No.2007–UP–351 (Ct.App. filed July 11, 2007), in which the Special Referee held Petitioners suffered no damages as the result of the taking of an abandoned right-of-way in downtown Greenwood; the Court of Appeals affirmed. We reverse.

## FACTS

This case concerns an abandoned railroad right-of-way in Greenwood, SC. Petitioners are the current property owners along the right-of-way, and/or heirs of the original landowners at the time the right-of-way was acquired by the railroad.

The railroad, located in downtown Greenwood, was originally acquired by Southern Railway's predecessor by virtue of an 1845 Act. Some 150 years later, in the 1980's, the railroad elected to relocate its tracks to the outskirts of Greenwood. Railroad attempted to convey its right-of-way to County by quitclaim deed. Petitioners brought this action challenging the conveyance, claiming ownership to the right-of-way had reverted to them upon Railroad's abandonment.

After a long procedural battle, the Court of Appeals held title to the former right of way vested in the Plaintiffs, Petitioners herein. *Eldridge v. City of Greenwood*, 331 S.C. 398, 503 S.E.2d 191 (Ct.App.1998). Petitioners consist of two classes of individuals: 1) abutting landowners along the right-of-way when the railroad tracks were removed in 1984, and 2) heirs to the original owners at the time the right-of-way was acquired in 1852. Petitioners were granted class certification, and their takings claim was referred to the Special Referee.

The sole issue before the Referee was the amount of damages suffered by Petitioners as a result of two projects in which Respondent, SCDOT, used the abandoned railroad right of way. The first project was the 1986 Project, consisting of two main areas: 1) the portion of the right-of-way situated between two existing roadways (the Property Between The Roads); and 2) the property directly adjacent to the existing landowners (Adjacent Property). The Adjacent Property consists of 55,605 square feet, while the Property Between the Roads consists of 102,372 square feet. The second project was the Calhoun Road Project (eighteen tracts located within the abandoned right-of-way along Calhoun Road).

The Referee awarded Petitioners damages for the taking of the Adjacent Property and the Calhoun Road Project.[1] As to the Property Between the Roads, however, the Referee held the property had no value for compensation purposes inasmuch as it could not be used for on-premises identification signs. Accordingly, Petitioners were awarded no damages for the taking of the Property Between the Roads. The Court of Appeals affirmed the Special Referee's order.

---

1. No appeal is taken as to these awards.

## ISSUE

Did the Court of Appeals err in affirming the Referee's holding that the Property Between the Roads could not be used for on-premises identification signs?

## ON–PREMISES SIGNS

The Property Between the Roads is essentially a median which runs through downtown Greenwood. Petitioners contend the Referee and Court of Appeals erred in holding no signs could be placed on the Property Between the Roads. We agree.

An "On Premises" sign is defined by Regulation as "any sign which is designed, intended or used to advertise or inform of the principal activity taking place, or the product being sold on the property where the sign is located." 25A S.C.Code Ann. Regs. 63–342(Q) (Supp.2006).

A 1986 Greenwood County ordinance states as follows:

d) Permanent **on premises** identification signs for which a permit is required: One (1) free-standing identification sign per lot for each 100 feet, or fraction thereof of street frontage over 200 feet, provided said signs shall ... be located no closer than 5 feet from the nearest property line. (Emphasis supplied).

The Referee held an "on premises" sign is required to be located on the actual property where the business is located. The Referee found the Property Between the Roads was not contiguous or adjacent to any land where businesses were located, because it is separated from any businesses by the existing roads. The Court of Appeals affirmed, and went one step further, noting that the 1996 order of Judge Macaulay stated that "[a]s to that portion of the former right-of-way covered by streets, highways, and sidewalks for more than 20 years ..., the title lies in the City, County, and Highway Department." Based upon the 1996 order, the Court of Appeals found SCDOT owns the portion of the land upon which the roads are situated,[2] such that the Property Between the Roads is physically separated from the business properties and is not contiguous, adjacent to, or adjoining such proper-

---

2. We concur in this holding.

ties. *Eldridge v. Dep't of Transp.,* Op. No.2007–UP–351 (Ct. App. filed July 11, 2007). We find the Court of Appeals and Referee placed too strict a construction on the definition of "on premises."

In *Keane v. Hodge,* 292 S.C. 459, 357 S.E.2d 193 (Ct.App. 1987), the Court of Appeals addressed a situation in which the Petitioners wished to erect a sign on their easement, and the Hilton Head Board of Adjustment revoked their sign permit on the ground that the easement was not appurtenant to the property it served, such that Petitioners' proposed sign was not "on premises" but off premises. The Court of Appeals reversed, finding the easement was part of Petitioners' property, such that the sign was in fact on premises.[3]

In *Keane,* the Court of Appeals stated, "[O]rdinances in derogation of natural rights of persons over their property are to be strictly construed as they are in derogation of the common law right to use private property so as to realize its highest utility and should not be impliedly extended to cases not clearly within their scope and purpose." 292 S.C. at 464, 357 S.E.2d at 196, citing *Purdy v. Moise,* 223 S.C. 298, 302, 75 S.E.2d 605, 607 (1953).

More recently, however, this Court acknowledged that the term "contiguous" has been broadly interpreted. *Sonoco v. SC Dep't of Revenue,* 378 S.C. 385, 662 S.E.2d 599 (2008), *citing Kizer v. Clark,* 360 S.C. 86, 90–91, 600 S.E.2d 529, 532 (2004) (recognizing that marshlands and creeks do not defeat town's contiguity for annexation purposes); *Mosteller v. County of Lexington,* 336 S.C. 360, 364–65, 520 S.E.2d 620, 623 (1999) (explaining the term "contiguous" and stating " '[a]but' means to be contiguous ... [h]owever, abut does not always mean there must be actual contact").

In *Sonoco,* we went further and distinguished between "contiguous" in a lay or secondary sense, versus in legal contemplation, stating, "In the legal field, it has been defined as: '[i]n close proximity; neighboring; adjoining; near in

---

**3.** SCDOT also cites *Young v. SC Dep't of Hwys. and Public Transp.,* 287 S.C. 108, 336 S.E.2d 879 (Ct.App.1985). *Young,* however, merely cites Regulation 63–342 for the proposition that "on-premise signs are located contiguous with the land occupied by the commercial or industrial activity."

succession; in actual close contact; touching at a point or along a boundary; bounded by or traversed by.' Black's Law Dictionary 290 (5th ed.1979)." 378 S.C. at 391, 662 S.E.2d at 602. Significantly, S.C.Code Ann. § 5–3–305 is also cited in *Sonoco;* it states, in part:

For purposes of this chapter, "contiguous" means property which is adjacent to a municipality and shares a continuous border. Contiguity is not established by a road, waterway, right-of-way, easement, railroad track, marshland, or utility line which connects one property to another; however, if the connecting road, waterway, easement, railroad track, marshland, or utility line intervenes between two properties, which but for the intervening connector would be adjacent and share a continuous border, the intervening connector does not destroy contiguity.

In *Sonoco,* we ultimately held a taxpayer's office buildings were subject to property tax because the public road and railroad tracks did not defeat contiguity of the plant and office buildings. We find the issue presented here is squarely controlled by our opinion in *Sonoco;* we find the contiguity requirement is met here such that for purposes of the applicable ordinance, the signs may be considered "on premises."

Further support for this result is found in the definition of "adjacent." *Black's Law Dictionary,* 38 (5th Ed.1979) defines it adjacent as "lying near or close to; sometimes, contiguous, neighboring. Adjacent implies that the two objects are not widely separated, though they may not actually touch."

We find the Court of Appeals and Referee unduly restricted the definition of "on premises." Given the liberal construction afforded the definition of "contiguity" in *Sonoco,* we find the Property Between the Road's separation by the roadway does not defeat contiguity, such that the signs may be considered "on premises" for purposes of the ordinance. Accordingly, the Court of Appeals opinion is reversed, and the case is remanded to the Referee for calculation of damages.

**REVERSED AND REMANDED.**

TOAL, C.J., BEATTY, J., and Acting Justice TIMOTHY M. CAIN, concur. PLEICONES, J., dissenting in a separate opinion.

Justice PLEICONES.

I respectfully dissent. Because an intervening landowner separates the Property Between the Roads and the Adjacent Property, I would find that a sign placed on the former would not have constituted an "on-premises identification sign" under the Greenwood County ordinances. Consequently, the Court of Appeals correctly upheld the determination of the special referee that the Property Between the Roads could not be used for identification signs.

In my view, neither *Sonoco v. South Carolina Dep't of Revenue*, 378 S.C. 385, 662 S.E.2d 599 (2008), nor case law on municipal annexation are dispositive. The special referee first invoked the word "contiguous" in attempting to determine whether a sign placed on the Property Between the Roads would be considered "on premises" of the Adjacent Property, for purposes of a Greenwood County Regulation. The referee took the term from *Young v. South Carolina Dep't of Highways and Pub. Transp.*, 287 S.C. 108, 336 S.E.2d 879 (Ct.App. 1985), which cited South Carolina Regulation 63–342(Z). The Regulation provided in part:

> On–Premise Sign, shall consist of any outdoor sign, display, device, figure, painting, drawing, message, plaque, poster, billboard, or other thing which is designed, intended or used to advertise or inform of the activity taking place on the property where located, and any additional surrounding land which is under lease or is owned in fee simple and is specifically reserved for use by said activity. Land considered for this purpose shall be contiguous with the land occupied by the commercial or industrial activity and shall not be connected by narrow bands or strips of land. The area between the main building and the advertising device must be improved and landscaped in a suitable manner so as to portray a single unit.

25A S.C.Code Ann. Regs. 63–342(Z) (1985).

In my view, the broad definition of "contiguous" developed in annexation statutes and case law is not relevant to and does not comport with the term as it was used in defining an "on-premise" sign. Given that SCDOT holds title to the roadway

separating the properties rather than a mere easement,[4] I would hold that a sign placed on the Property Between the Roads is not an "on-premises identification sign" of any business located on the Adjacent Property.

The dispute over this land began over two decades ago and I would take this opportunity to bring it to a close. I would affirm the Court of Appeals.[5]

---

4. The Court of Appeals found that because Petitioners did not appeal from Judge Macaulay's 1996 order, it became the law of the case. *Eldridge v. South Carolina Dep't of Transp.*, Op. No.2007–UP–351 (Ct. App. filed July 11, 2007). The Court of Appeals interpreted the order as holding that SCDOT owns the portion of the land upon which the roads are situated. *Id.* On certiorari, Petitioners do not challenge the Court of Appeals interpretation of the order and it therefore must be accepted as the law of the case. *See ML–Lee Acquisition Fund, L.P. v. Deloitte & Touche*, 327 S.C. 238, 241, 489 S.E.2d 470, 472 (1997) (holding that an unchallenged ruling, right or wrong, is the law of the case).

5. *See* Rule 220(c), SCACR (2008) (appellate court may affirm upon any ground appearing in the Record on Appeal).